# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Virgil Lee Lindsey, Jr.,**<br>Petitioner<br>-vs-<br>**Charles L. Ryan, et al.,**<br>Respondents | CV-09-2634-PHX-ROS (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Motion to Dismiss**<br>**Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

Petitioner, presently incarcerated in the Arizona State Prison Complex at San Luis, Arizona, has filed a Motion to Withdraw Petition (Doc. 18) asking that his Petition for Writ of Habeas Corpus be dismissed without prejudice. Respondents have not responded.

The motion is a dispositive motion, and accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

**Background** - Petitioner was convicted pursuant to a plea agreement in Maricopa County Superior Court, cases CR2006-171572 and CR2004-132507, of attempted theft of the means of transportation with one prior felony conviction and attempted robbery with two prior felony convictions and was sentenced to a 9.5-year term of imprisonment. Petitioner pled guilty, and now challenges his conviction on grounds of speedy trial violations, involuntary plea, ineffective assistance of counsel, and violation of his double jeopardy rights. (Petition, Doc. 1.)

Respondents have filed an Answer (Doc. 15) asserting *inter alia* that Petitioner's Petition is barred by the habeas statute of limitations, and that his claims are unexhausted and procedurally defaulted.

1   Petitioner has not yet replied in support of his Petition, and the time to reply has been
2   extended pending a ruling on the instant motion.  (Order 9/3/10, Doc. 21.)

3   **<u>Motion to Withdraw/Dismiss</u>** - In his Motion, Petitioner references the procedural
4   defenses asserted in the Answer, and moves to have the case "dismissed without prejudice"
5   so he can "properly seek[] to present issues to the final stage of state court accordingly."
6   (Doc. 18 at 1.)

7   Although their Answer seeks a dismissal with prejudice, Respondents have not
8   opposed Petitioner's Motion, and the time to respond has long since run. Pursuant to Local
9   Civil Rule 7.2(i), the Court should deem the failure to respond to be "a consent to the denial
10  or granting of the motion."

11  Federal Rule of Civil Procedure 41(a)(2) permits a dismissal of an action upon motion
12  of Plaintiff "by court order, on terms that the court considers proper."

13  While the undersigned is not convinced that, upon complete briefing, a dismissal with
14  prejudice would not result based upon the untimeliness of the Petition or Petitioner's
15  procedural defaults, neither is the undersigned willing to assume at this juncture that
16  Petitioner is so devoid of the potential for obtaining state remedies that a dismissal with
17  prejudice is necessary.  To the extent that Petitioner may be successful in obtaining an
18  audience with the state courts, it is more prudent for this Court to delay addressing the merits
19  of the Petition and procedural defenses until after the state courts have resolved the matters.

20  In so recommending, the undersigned is not unmindful that no tolling of the habeas
21  limitations period results from the pendency of a federal habeas petition. *Duncan v. Walker*,
22  533 U.S. 167 (2001).  Nor does the pendency of a state proceeding after expiration of the
23  statute of limitations revive the time to file a habeas petition. *Jiminez v. Rice*, 276 F.3d 478,
24  482 (9th Cir. 2001).  Thus, if it were assumed (despite Respondents' arguments to the
25  contrary) that this Petition was timely, a subsequent habeas petition following dismissal may
26  not be timely as a result of the nine months that have passed during the pendency of this
27  action.

28  Nonetheless, Respondents present no reason to not permit Petitioner the opportunity

to pursue his course.  Doing so will avoid foreclosing Petitioner from seeking habeas relief in the future under the successive petition limitations of 28 U.S.C. § 2244(b).  *See Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (dismissal without prejudice does not make subsequent petition "successive").  *See also Hertz & Liebman*, Fed. Hab. Corpus Pract. & Proced. §28.3(b)(ii) (2009) (discussing non-consideration of prior dismissals without prejudice at request of petitioner).

Accordingly, a dismissal without prejudice will be recommended.

**Certificate of Appealability** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being dismissed.  However, because that dismissal will be without prejudice at the request of Petitioner, it will not be a resolution adverse to Petitioner.  Accordingly, a decision on a certificate of appealability is not required.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Withdraw Petition, filed August 9, 2010 (Doc. 18) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed December 18, 2009 (Doc. 1) and this action be **DISMISSED WITHOUT PREJUDICE**.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

1  However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: September 17, 2010

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-2634-018r RR 10 09 14 re Ps MTD HC.wpd